Lance A. Maningo
MANINGO LAW
Nevada Bar No. 6405
400 South 4th Street, Suite 650
Las Vegas, Nevada 89101
702.626.4646
lance@maningolaw.com
Attorney for Defendant

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | 2:22-cr-00236-APG-EJY |
| MOHAMED MUHINA, | |
| Defendant. | |

**SENTENCING MEMORANDUM**

COMES NOW, Defendant, MOHAMED MUHINA, (hereinafter "MUHINA") by and through his counsel of record, LANCE A. MANINGO, of MANINGO LAW, and hereby submits this Sentencing Memorandum relative to his Sentencing on June 29, 2023, at 1:30 p.m.

I.   **INTRODUCTION**

MUHINA respectfully requests a sentence of **252 months to run concurrent with his sentence in *State of Nevada v. Mohamed Muhina*, Case No. C-18-335888-1.** This sentence would be "sufficient, but not greater than necessary" to serve the purposes of sentencing set forth in 18 U.S.C. § 3553.

On June 25, 2023, a Criminal Complaint was filed charging MUHINA with one count of Sexual Exploitation of Children, a violation of 18 U.S.C. § 2251(a) and (e). MUHINA had his Initial Appearance on July 12, 2021, where he pled not guilty. On November 22, 2022,

1

MUHINA filed his Plea Agreement and pled guilty to one count of Sexual Exploitation of Children. Sentencing is set for June 29, 2023, at 1:30 p.m.

## II.   PLEA AGREEMENT

Pursuant to the Plea Agreement, MUHINA's Base Offense Level is 32. A two-level upward variance is applied pursuant to USSG § 2G2.1(b)(1). A four-level upward variance is applied pursuant to USSG § 2G2.1(b)(2)(A). A two-level upward variance is applied pursuant to USSG § 2G2.1(b)(6). That yields an Adjusted Offense Level of 40. MUHINA is entitled to a three-level downward variance for acceptance of responsibility. That yields a Total Offense Level of 37. Pursuant to the Presentence Investigation Report, MUHINA is in Criminal History Category I. A Total Offense Level of 37 and a Criminal History Category I yields a sentencing guideline range of 210-262 months imprisonment.

Pursuant to the Plea Agreement, the parties jointly recommend the district court sentence MUHINA to a 252-month term of imprisonment to run concurrent with his sentence in *State of Nevada v. Mohamed Muhina*, Case No. C-18-335888-1. In agreeing to this sentencing recommendation, the parties have taken into consideration all of the factors set forth in 18 U.S.C. § 3553(a) and conclude that a sentence of 252 concurrent with MUHINA's state sentence is a reasonable sentence.

## III.   PRESENTENCE INVESTIGATION REPORT

Pursuant to the Presentence Investigation Report ("PSR"), and consistent with the Plea Agreement, MUHINA's Base Level Offense is 32. There is a two-level upward variance pursuant to USSG § 2G2.1(b)(1). There is a four-level upward variance pursuant to USSG § 2G2.1(b)(2)(A). Another two-level upward variance is applied pursuant to USSG § 2G2.1(b)(6)(B). That yields an Adjusted Offense Level of 40.

Contrary to the Plea Agreement, the PSR applies a five-level upward variance for a Chapter Four Enhancement. MUHINA has filed a Formal Objection to the PSR on January 31,

2

2023, specifically addressing this variance, among other concerns. According to the PSR, MUHINA receives a three-level downward variance for acceptance of responsibility, yielding his Total Offense Level at 42.

Pursuant to the PSR, MUHINA is in Criminal History Category I. Based on the PSR calculations, a Total Offense Level 42 and a Criminal History Category I would yield a sentencing guideline range of 360 months – life imprisonment.

IV.   **LEGAL SUPPORT**

The Sentencing Reform Act, as revised by <u>United States v Booker</u>, 125 S. Ct. 738 (2005), allows the sentencing court to consider the Guidelines, but permits the court to tailor the sentence in light of statutory concerns- to wit: factors set forth in 18 U.S.C. 3553(a).

Section 3553(a) directs sentencing courts to consider:

(A)   To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B)   To afford adequate deterrence to criminal conduct;
(C)   To protect the public from further crimes of the defendant; and
(D)   To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Additional factors under Section 3553 that a court must consider include:

1.   The nature and circumstances of the offense and the history and characteristics of the defendant;
2.   The kinds of sentences available;
3.   The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
4.   The need to provide restitution to any victims of the offense.

Accordingly, a sentencing court must now consider the above 3553(a) factors. The advisory guidelines range is but one factor to be considered in sentencing and should not be accorded greater weight than the mandatory Section 3553(a) factors. <u>United States v. Zavala</u>, 443 F. 3d 1165, 1170 (9th Cir. 2006). A court does not have a duty to address each Section 3553(a) factor independently, but it must show it considered the statutory factors to fashion a reasonable sentence, <u>United States v. Know His Gun</u>, 438 F. 3d 913, 918 (9th Cir. 2006).

3

Moreover, the court may reject a guideline "based solely on policy considerations, including disagreements with the guidelines" provided that it substantiates its reasons for deviation. Kimbrough v. United States, 552 US 85 101, 205 (2007) (cited Rita v. United States, 551 US 338, 351 (2007)); 18 U.S.C. § 3553(a)(5)(A).

Here, in lieu of arguing the factors set forth in 18 U.S.C. § 3553, the parties have stipulated to 252-month sentence to run concurrent with his sentence in State of *Nevada v. Mohamed Muhina*, Case No. C-18-335888-1.

### IV.  CONCLUSION

Based on the foregoing, MUHINA respectfully requests that this Court follows the negotiations outlined in the Plea Agreement and imposes a sentence of 252 months imprisonment to run concurrent with his sentence in *State of Nevada v. Mohamed Muhina*, Case No. C-18-335888-1.

DATED this 19th day of June, 2023.



By:     */s/ Lance A. Maningo*
          Lance A. Maningo
          Nevada Bar No. 6405
          400 South 4th Street, Suite 650
          Las Vegas, Nevada 89101
          Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of June, 2023, I did serve a true and correct copy of the foregoing SENTENCING MEMORANDUM by electronically serving parties using the U.S District Court CM/EMF Electronic Filing to:

    Kimberly Sokolich
    Assistant United States Attorney
    Kimberly.Sokolich@usdoj.com

                                        */s/ Yasmin Khayyami*
                                        An Employee of MANINGO LAW

MANINGO LAW
400 South 4th Street, Suite 650
Las Vegas, Nevada 89101
www.maningolaw.com