JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar #7709
KIMBERLY SOKOLICH
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Kimberly.Sokolich@usdoj.gov

Representing the United States of America

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:22-cr-00236-APG-EJY |
| Plaintiff, | Government's Sentencing Memorandum |
| vs. | |
| MOHAMED MUHINA, | |
| Defendant. | |

Certification: This Memorandum is timely filed.

## INTRODUCTION

In November 2022, defendant Mohamed Muhina pleaded guilty to Sexual Exploitation of Children after he recorded himself sexually assaulting a 14-year-old girl. Sentencing is currently scheduled for June 29, 2023. Consistent with the written plea agreement and to reflect the seriousness of the crime, provide just punishment, and afford adequate deterrence, the government recommends a sentence of 252 months imprisonment, followed by a lifetime term of supervised release.

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

In 2017, defendant Mohamed Muhina began communicating with a 14-year-old girl, VICTIM-1, on Facebook messenger under the alias "Jordan Junior."[1] PSR ¶ 11. Shortly thereafter, Muhina drove to VICTIM-1's residence and pulled her into the backseat of his car. PSR ¶ 12. He removed her clothing and began to touch her breasts and vagina as she told him, "I don't want to do it." *Id*. Muhina then engaged in vaginal intercourse with VICTIM-1, despite her pleas to stop. *Id*. Between September 2017 and January 2018, Muhina sexually assaulted VICTIM-1 twice more, once while posing as a Lyft driver. PSR ¶¶ 13–15.

On February 12, 2018, VICTIM-1 was walking to school when Muhina drove up and told her to get into the car. PSR ¶ 15. When VICTIM-1 refused, Muhina grabbed her by her hair and jacket and forced her into the car. *Id*. Muhina drove VICTIM-1 to his apartment where he reached around her throat and put her in a chokehold. *Id*. Once VICTIM-1 fell to the floor, Muhina removed her clothes. *Id*. VICTIM-1 tried to call 911, but Muhina grabbed her phone and threw it out of reach before she could finish dialing. *Id*. Muhina proceeded to have vaginal intercourse with VICTIM-1, using his cellphone to record the assault. *Id*. After the February assault, VICTIM-1 underwent a sexual exam. PSR at 13. She tested positive for a sexually transmitted infection and was pregnant. *Id*.

Muhina's phones were later searched pursuant to a search warrant. Forensic examination revealed several images and videos showing Muhina engaged in sex acts with young girls. PSR ¶ 24. VICTIM-1 was identified in two of the videos. PSR ¶¶ 25–26.

---

[1] As noted in the PSR, investigation revealed that Muhina had assaulted multiple juvenile girls. The PSR refers to the victim in the instant offense as "Victim-2."

On November 22, 2022, Muhina pleaded guilty, pursuant to a written plea agreement, to a one-count Criminal Information charging him with Sexual Exploitation of Children, in violation of 18 U.S.C. §§ 2251(a) and (e). ECF No. 46. This offense carries a statutory minimum sentence of 15 years imprisonment and 5 years of supervised release. Pursuant to the plea agreement, the parties will jointly recommend that the district Court sentence Muhina to 252 months imprisonment, to run concurrent with Muhina's sentence in *State of Nevada v. Mohamed Muhina*, Case No. C-18-335888-1. ECF No. 45 at 11. The parties further agree to recommend a lifetime term of supervised release. *Id*. In agreeing to this sentencing recommendation, the parties have taken into consideration of all the factors set forth in 18 U.S.C. §3553(a) and conclude that a sentence of 252 months is a reasonable sentence.

## PRESENTENCE REPORT

The U.S. Probation Office's presentence report ("PSR") correctly calculated the base offense level at 32 under U.S.S.G. § 2G2.1(a). Consistent with the plea agreement, the PSR includes a two-level increase because the victim was between 12 and 16 years old (U.S.S.G. §2G2.1(b)(1)); a four-level increase for the commission of a sexual act (U.S.S.G. §2G2.1(b)(2)(A)); and an additional two-level increase for the use of a computer (U.S.S.G. §2G2.1(b)(6)). The U.S. Probation Office also included a five-level increase under U.S.S.G. §4B1.5(b)(1) because the defendant engaged in a pattern of activity involving prohibited sexual conduct. This variance was not contemplated in the plea agreement. Accordingly, the government will not seek to apply or advocate for its use. ECF No. 45 at 8.

After a three-level reduction for acceptance of responsibility, Muhina's total adjusted offense level is 37. At a Criminal History Category I, Muhina's advisory guideline range is 210 to 262 months.

## TERM OF IMPRISONMENT AND SUPERVISED RELEASE

Consistent with the negotiated plea agreement, the government recommends that the Court sentence Muhina to 252 months imprisonment, to run concurrent with Muhina's state sentence.[2] The goal of sentencing is to "impose a sentence sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed . . . correctional treatment." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (quoting 18 U.S.C. § 3553(a)). Among other factors, the Court should also consider: "the nature and circumstances of the offense;" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a).

Muhina has proven to be a "persistent predator of minor girls." PSR ¶ 121. He repeatedly forced VICTIM-1 to have vaginal intercourse – ignoring her cries and pleas to stop – while he recorded it. In addition to the physical and psychological trauma caused by Muhina's abuse, VICTIM-1 was forced to bear his child. Muhina committed egregious and repeated sexual assault of a young girl. His conduct warrants a significant sentence of imprisonment.

Based on the seriousness of the offense, the need to protect the public from future crimes by Muhina, and for the sake of his victims, the government respectfully requests that Muhina is sentenced to a term of 252 months imprisonment. This sentence, 21 years, is sufficient but not greater than necessary to adequately further the goals of sentencing. Any

---

[2] Muhina's state offense stems from the same underlying conduct in this case.

further reduction would negate the seriousness of the offense and fail to provide deterrence and protect children from future predatory crimes by the defendant.

In terms of supervised release, and consistent with the negotiated plea agreement, the government requests lifetime supervision with the standard and special conditions recommended by the United States Probation Office. PSR at 28–30.³ The government submits that Muhina's chances of rehabilitation and success will be greatly improved — and any likelihood to re-offend be significantly reduced— if he remains under supervision for that period.

## RESTITUION

The Crime Victims' Rights Act ("CVRA") provides that a victim has a right to full and timely restitution as provided in law. 18 U.S.C. § 3771(a)(6). As of this filing, the government has not received a request for restitution from VICTIM-1. Should the government receive this request the government will provide a victim statement and requested restitution amounts to the Court.⁴

//

//

---

³ Based on the recent 9th Circuit decision in *United States v. Nishida*, 53 F.4th 1144 (9th Cir. 2022), the government requests that Condition 7, "Sex Offender Treatment," be amended to include specific type of treatment program (inpatient or outpatient). The government has discussed this amendment with the U.S. Probation Office, who indicated they do not oppose the request.

⁴ 18 U.S.C. §2259(b)(3) allows a court to issue a restitution order up to 90 days after sentencing and allows for victims to come forward with additional losses beyond that point.

## CONCLUSION

For the stated reasons above, the Court should impose a custodial sentence of 252 months imprisonment, followed by a lifetime period of supervised release.

DATED this 21st day of June 2023.

                                          Respectfully submitted,

                                          JASON M. FRIERSON
                                          United States Attorney

                                          */s/ Kimberly Sokolich*
                                          KIMBERLY SOKOLICH
                                          Assistant United States Attorney